### M. H. EGGREN, ET AL., *v.* PHEBE BELL.

**Filing of a Suit is a Lis Pendens.**

The filing of a suit to foreclose an indemnifying mortgage, even where it fails technically to set forth a good cause of action, but where the court has jurisdiction of the parties and the subject-matter, amounts to a lis pendens, and one buying the property after such suit is entered is bound to take notice of it.

**Demurrer or Motion to Make More Specific.**

Defects in a petition may be taken advantage of only by demurrer or by motion to make more specific.

APPEAL FROM McCRACKEN CIRCUIT COURT.

April 14, 1880.

OPINION BY JUDGE HINES:

It is clear that at the time the appellants purchased the road and franchise in March, 1877, there was a suit pending by Bell's administrator and the City National Bank of Paducah to foreclose the mortgage executed to indemnify Bell, and that under the decree rendered in that case appellee became the purchaser. On an appeal to this court that judgment was affirmed and the title confirmed in appellee.

It is contended by appellants that there was no lis pendens at the time of their purchase because the original petition in the case of Bell's Administrator and National Bank v. Johns, filed August, 1876, failed to set forth a good cause of action, and that it was not until after appellants' purchase that the pleadings, as amended by the bank, authorized the judgment rendered in that case. That the court, in the case against Johns, had jurisdiction of the pleaders and of the subject matter cannot be questioned.

But appellants insist that the original petition was defective because it did not specifically allege a promise to pay, and did not ask that the bank be substituted to the rights of Bell under the mortgage. That is true, but the petition gave a general description of the indebtedness, stated the relation of the parties, specified the purpose for which the mortgage was executed, and asked that the mortgage be foreclosed to pay the indebtedness to Bell on his own account, and to pay the amount due the bank to secure which the mortgage was executed. This was a substantial statement of a cause of action, the defect in which could be taken advantage of only by demurrer or by motion to make more specific. There was not a failure to state a cause of action, but merely a defective statement, containing a sufficient description of the property sought to be subjected, and in every sense ample to put appellant upon inquiry. With actual as well as constructive notice of the pendency of this suit under which title was acquired by appellee, appellant will not be heard to say that there was no lis pendens in reference to the property. The lis pendens dates from the filing of the original petition

by Bell's administrator and the bank, and not from the filing of the amendment by the bank.

Judgment *affirmed.*

*Gilbert & Reid, William Lindsay, for appellants.*
*A. Duvall, Houston & Houston, for appellees.*